IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| PROFIT SHIPPING LTD. and GENEL DENIZCILIK NAKLIYATI A.S.<br><br>  Plaintiffs<br><br>VS.<br><br>M/V IMPERIAL SPIRIT, Her Engines, Tackle, Appurtenances, Etc., *In Rem*; LA DARIEN NAVEGACION, S.A.; and ADMIRALTY NORTHSTAR SHIP MANAGEMENT LTD, *In Personam*<br><br>  Defendants/Third-Party Plaintiffs<br><br>VS.<br><br>M/V PROFIT, Her Engines, Tackle, Appurtenances, Etc., *In Rem*<br><br>  Third-Party Defendant | C.A. No. 3:13-cv-00202<br>ADMIRALTY - RULE 9(h) |

## DEFENDANT/CLAIMANT LA DARIEN NAVEGACION, S.A.'S AND DEFENDANT NORTHSTAR SHIP MANAGEMENT LIMITED'S ORIGINAL VERIFIED ANSWER, COUNTERCLAIM AND THIRD PARTY COMPLAINT

COME NOW La Darien Navegacion, S.A., as owner of the M/V IMPERIAL SPIRIT and Claimant to the M/V IMPERIAL SPIRIT and as *in personam* Defendant and Defendant Northstar Ship Management Ltd. ("Defendants"), improperly named "Admiralty Northstar Ship Management Ltd.", to file their Original Verified Answer, Counterclaim and Third Party Complaint in response to the Verified Complaint of Plaintiffs Profit Shipping, Ltd., and Genel Denizcilik Nakliyati, A.S., and respectfully shows as follows:

## DEFENDANTS' ORIGINAL VERIFIED ANSWER

### FIRST DEFENSE

Defendants would show that Plaintiffs' Verified Complaint fails to state a cause of action under Rule 12(b)(6) of the Federal Rules of Civil Procedure upon which relief can be granted.

### SECOND DEFENSE

Defendants respond to the allegations in Plaintiffs' Verified Complaint in correspondingly numbered paragraphs as follows:

1. Defendants admit the admiralty and maritime jurisdiction of this Court, but deny the remaining allegations contained in paragraph I of Plaintiffs' Original Verified Complaint.

2. Defendants admit the allegations contained in paragraph II of Plaintiffs' Original Verified Complaint.

3. Defendants admit the allegations contained in paragraph III of Plaintiffs' Original Verified Complaint.

4. Defendants that on May 30, 2013, the M/V IMPERIAL SPIRIT was proceeding in the safety fairway on a southeastern course and that the M/V IMPERIAL SPIRIT and the M/T PROFIT collided. The remaining allegations contained within paragraph IV of Plaintiffs' Original Verified Complaint are denied.

5. Defendants lack knowledge sufficient to admit or deny the allegations contained in paragraph IV of Plaintiffs' Original Verified Complaint.

6. Defendants deny that they failed to adhere to statutory regulations, standards, and laws designed to prevent collisions. Additionally, Defendants deny that Plaintiffs are entitled to invoke the *PENNSYLVANIA* Rule in connection with the incident that is made the basis of this lawsuit.

3.

## THIRD DEFENSE

For further answer herein, if any be necessary, the incident made the basis of this suit, and any damages arising from same were not caused or contributed to by the fault or neglect of La Darien Navegacion, S.A., or the crew of the M/V IMPERIAL SPIRIT or on the part of anyone for whom Defendants are legally responsible.

## FOURTH DEFENSE

For further answer herein, if any be necessary, Defendants are not liable to Plaintiffs because Plaintiffs' own acts or admissions proximately caused or contributed to Plaintiff's injuries.

## FIFTH DEENSE

For further answer here, if any be necessary, Defendants would show that Plaintiffs have filed to mitigate their alleged damages as required by law.

## LA DARIEN NAVEGACION, S.A.'S AND NORTHSTAR SHIP MANAGEMENT LIMITED'S COUNTERCLAIM AGAINST PROFIT SHIPPING, LTD. AND GENEL DENIZCILIK NAKLIYATI, A.S.

NOW COME La Darien Navegacion, S.A. and Northstar Ship Management Limited ("Counter-Claimants") and file their Verified Counterclaim against Plaintiffs Profit Shipping, Ltd., and Genel Denizcilik Nakliyati, A.S. ("Counter-Defendants") and in support thereof would respectfully show as follows:

1. La Darien Navegacion, S.A., is a foreign corporation with its principal place of business in care of Norient Product Pool ApS, and located at Strandevenjen 52, 2900 Hellerup, Denmark and at all relevant times was the registered Owner of the M/V IMPERIAL SPIRIT.

2. Northstar Ship Management Limited is a foreign business entity with its principal place of business located at 20th Floor, China Weal Centre 414-424, Joffe Road, Wan Chai, Hong Kong, China and at all relevant times was the operator of the M/V IMPERIAL SPIRIT.

3. Profit Shipping, Ltd., is a foreign corporation with its principal place of business in in London, England and at all relevant times was the registered owner of the M/T PROFIT.

4. Genel Denizcilik Nakliyati, A.S., is a foreign corporation with its principal place of business in in Istanbul, Turkey. Genel Denizcilik Nakliyati, A.S., was the manager of the M/T PROFIT at all relevant times.

5. Service of this counterclaim is effected by filing and serving on Counter-Defendants' attorney of record the Counterclaim herein.

6. Counter-Claimants allege that on or about the early morning hours of May 30, 2013, the M/V IMPERIAL SPIRIT was proceeding in a safety fairway on a southeasterly course. The IMPERIAL SPIRIT was moving toward its starboard for a standard port to port meeting when the M/T PROFIT in direct contravention of the applicable navigational rules and without warning turned to its port directly in front of the IMPERIAL SPIRIT. Despite the hard starboard maneuver of the IMPERIAL SPIRIT to avoid a collision, the two vessels collided which resulted in significant damage to the IMPERIAL SPIRIT. At all relevant times those in charge were complying with all navigational rules and proceeding in a prudent and proper manner.

7. Those in charge of the M/T PROFIT were navigating the vessel in a negligent manner. Such negligence included, but was not limited to, the following negligent acts and violations of applicable navigational rules.

1) Failing to exercise the ordinary practice of seamanship;

2) Failing to maintain a proper look-out by sight as well as by all available means appropriate in the prevailing circumstances and conditions so as to make a full appraisal of the situation;

3) Failing to determine if and when a risk of collision existed;

4) Failing to alter course to starboard so that each vessel shall pass on the port side of the other;

5) Altering course to port when meeting the IMPERIAL SPIRIT;

6) Failing to maintain proper communications with the IMPERIAL SPIRIT;

7) Other negligent acts or omissions which Counter-Claimant will show at trial.

Said negligence was the proximate cause of the collision and the damages which have been and will be sustained by Counter-Claimants.

8. As a result of this collision, Counter-Claimants have sustained substantial damage. At this time, the reasonable damages sustained by La Darien Navegacion, S.A., are estimated to be in the amount of $3,500,000.00, plus interest and costs. Said figure may increase because the precise nature of the damages to the M/V IMPERIAL SPIRIT has yet to be determined.

6.

## THIRD PARTY COMPLAINT AGAINST M/T PROFIT, *In Rem*

COME NOW La Darien Navegacion, S.A. and Northstar Ship Management Ltd. (Third Party Plaintiffs) and hereby allege against Defendant M/T PROFIT, her engines, tackle, appurtenances, etc., *in rem* and in support thereof would respectfully show as follows:

1. The M/T PROFIT, her engines, tackle, appurtenances, etc., IM No. 9408683, is a Maltese crude oil tanker. Those at interest to the M/T PROFIT have issued a Letter of Undertaking to Third Party Plaintiffs and agreed to appear and file a Statement of Claim of Interest and Answer on behalf of the M/T PROFIT.

2. Third Party Plaintiffs hereby assert and allege paragraphs 6-8 of the Counterclaim above as if set forth in detail herein.

WHEREFORE, PREMISES CONSIDERED, Defendant/Claimant La Darien Navegacion, S.A. and Defendant Northstar Ship Management Ltd. request that judgment be entered in favor of La Darien Navegacion, S.A. and Northstar Ship Management Ltd. dismissing the claims of Profit Shipping Ltd. and Genel Denizcilik Nakliyati A.S. and that judgment be entered that they take nothing by their Original Complaint; and,

That judgment be entered in favor of La Darien Navegacion, S.A. and Northstar Ship Management Ltd. against Profit Shipping Ltd., Genel Denizcilik Nakliyati A.S. and M/T PROFIT in the amount of damages incurred by La Darien Navegacion, S.A. plus prejudgment costs; and,

7.

That La Darien Navegacion, S.A. and Genel Denizcilik Nakliyati A.S. have such other and further relief, both in law and equity, as this Court may deem just and appropriate under the circumstances of this case.

Respectfully submitted,

William A. Durham
State Bar No. 06281800
S.D.TX. Adm. ID No. 4172
The Niels Esperson Building
808 Travis, Suite 1300
Houston, TX 77002
(713) 225-0905 – Telephone
(713) 225-2907 – Fax

OF COUNSEL:

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

8.

## **VERIFICATION**

STATE OF TEXAS §
§
HARRIS COUNTY §

BEFORE me, on this day, William A. Durham, who, stated as follows:

My name is William A. Durham and I am a member of the firm of Eastham, Watson, Dale & Forney, L.L.P. and after being duly sworn deposed and said:

I am the attorney for La Darien Navegacion, S.A. and Northstar Ship Management Ltd. The facts set forth in the Original Verified Answer, Counterclaim and Third Party Complaint are true and correct based upon information provided to me as attorney for La Darien Navegacion, S.A. and Northstar Ship Management Ltd. The reason this affidavit is made by the undersigned is that he is the attorney for La Darien Navegacion, S.A. and Northstar Ship Management Ltd., which are corporations that do not have officers or directors within the district.

William A. Durham

Sworn to and subscribed before me on August 8, 2013.

CAROL HENDRICKS
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
MARCH 31, 2014

Notary Public in and for
The State of Texas

## CERTIFICATE OF SERVICE

    I, the undersigned, do hereby certify that I forwarded a true and correct copy of the foregoing instrument to the following counsel of record on this the ___ day of August, 2013.

James R. Watkins
Royston, Rayzor, Vickery & Williams, L.L.P.
The Hunter Building
306-22nd Street, Suite 301
Galveston, TX  77550-1589

                              William A. Durham