IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| PROFIT SHIPPING LTD. AND<br>GENEL DENIZCILIK<br>NAKLIYATI A.S.<br><br>Plaintiffs<br><br>VS.<br><br>M/V IMPERIAL SPIRIT, Her Engines,<br>Tackle, Appurtenances, Etc., *In Rem*;<br>LADARIEN NAVEGACION, S.A.;<br>and NORTHSTAR SHIP<br>MANAGEMENT LTD, *In Personam*<br><br>Defendants | §§§§§§§§§§§§§§§§ | C. A. NO. 3:13-CV-00202<br><br>Rule 9(h) - ADMIRALTY |

## PROFIT SHIPPING LTD. AND GENEL DENIZCILIK NAKLIYATI A.S. ANSWER TO COUNTER-CLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Profit Shipping, Ltd. and Genel Denizcilik Nakliyati A.S. and file this Answer in response to the Counter-Claim of LaDarien Navegacion, S.A. and Northstar Ship Management, Ltd. and, in support hereof, would show as follows:

I.

Counter-Defendants would show that Counter-Plaintiff's Counter-Claim fails to state a cause of action under Rule 12(b)(6) of the Federal Rules of Civil Procedure upon which relief may be granted.

59005:30019184

II.

Counter-Defendants admit on information and belief only the allegations contained in Paragraph 1 of the Counter-Claim.

III.

Counter-Defendants admit on information and belief only the allegations contained in Paragraph 2 of the Counter-Claim.

IV.

Counter-Defendants admit the allegations contained in Paragraph 3 of the Counter-Claim.

V.

Counter-Defendants admit the allegations contained in Paragraph 4 of the Counter-Claim.

VI.

Counter-Defendants admit the allegations contained in Paragraph 5 of the Counter-Claim.

VII.

Counter-Defendants deny the allegations contained in Paragraphs 6 and 7 of the Counter-Claim.

VIII.

59005:30019184

Counter-Defendants can neither admit nor deny due to a lack of sufficient information upon which to form a belief as to their truth the allegations contained in Paragraph 8 of the Counter-Claim.

IX.

Counter-Defendants specifically deny that they failed to adhere to statutory regulations, standards, and laws designed to prevent collisions at sea.

X.

Counter-Defendants would further show that the incident made the basis of this lawsuit and any damages arising there from were not caused or contributed to by the fault or neglect of Counter-Defendants or the crew of the M/T PROFIT or on the part of anyone for whom these Counter-Defendants are legally responsible.

XI.

Counter-Defendants would further show that they are not liable to Counter Plaintiffs because Counter Plaintiff's own acts or omission proximately caused or contributed to any damages allegedly sustained by Counter Plaintiffs.

XII.

Counter-Defendants would further show that Counter Plaintiffs have failed to mitigate their alleged damages, if any, as required by law.

WHEREFORE, PREMISES CONSIDERED, Counter Defendants, Profit Shipping, Ltd. and Genel Denizcilik Nakliyati A.S. pray that upon a final trial and hearing hereof, the Court enter its Judgment that Counter Plaintiffs take nothing, that Counter-Defendants recover their damages, expenses, and costs from Counter Plaintiffs, and that Counter-Defendants have such other and further relief, general and special, legal and equitable, to which they may show themselves to be justly entitled.

Respectfully submitted,

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

By: _____/s/ James R. Watkins_____
    James R. Watkins
    Attorney in Charge
    State Bar No. 20926500
    The Hunter Building
    306-22nd Street, Suite 301
    Galveston, Texas 77550
    Telephone: (409) 763-1623
    Facsimile: (409) 763-3853

**ATTORNEY FOR PLAINTIFFS AND COUNTER-DEFENDANTS PROFIT SHIPPING LTD. AND GENEL DENIZCILIK NAKLIYATI A.S.**

OF COUNSEL:
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

59005:30019184

## VERIFICATION

STATE OF TEXAS                    §
                                  §
COUNTY OF GALVESTON               §

Before me, the undersigned Notary Public, personally came and appeared James R. Watkins, who, after being duly sworn, did depose and say that:

1. "He is a partner in the firm of Royston, Rayzor, Vickery & Williams, LLP, and is one of the attorneys representing Profit Shipping Ltd. And Genel Denizcilik Nakliyati A.S. in this matter;

2. He has prepared and read the foregoing Verified Answer, and it is true and correct to the best of his knowledge, information and belief;

3. The sources of said knowledge, information and belief are his personal investigation and information supplied by Plaintiffs, Profit Shipping Ltd. And Genel Denizcilik Nakliyati A.S.

4. He is authorized to make this Verification as Profit Shipping Ltd. And Genel Denizcilik Nakliyati A.S. do not have an officer within this district at this time. FURTHER AFFIANT SAYETH NOT."

59005:30019184



_____
James R. Watkins

      SWORN TO AND SUBSCRIBED BEFORE ME on this the 28 th day of August, 2013.



_____
Notary Public in and for the State of Texas

My Commission Expires:

April 9, 2015

### CERTIFICATE OF SERVICE

      I hereby certify that I have, on this the 28th day of August, 2013, delivered a true and correct copy of the foregoing via ecf filing system.

William A. Durham
Eastham, Watson, Dale & Forney, LLP
The Niels Esperson Building
808 Travis, Suite 1300
Houston, Texas 77002

59005:30019184